Filed 12/21/20  P. v. Bruner CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>AUSTIN EDWARD BRUNER,<br><br>    Defendant and Appellant. | A160992<br><br>(Napa County Super. Ct.<br> No. 20CR001330) |

Defendant Austin Edward Bruner appeals from a judgment following his plea of no contest to various drug charges.  His notice of appeal indicates the appeal is based on post-plea matters.  His court-appointed counsel has filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  The brief includes counsel's declaration stating that he informed defendant of his intent to file a *Wende* brief on his behalf, that he mailed a copy of the brief to defendant, and that he apprised defendant of his right to file a supplemental brief within 30 days of the *Wende* brief filing.  Defendant did not subsequently file a supplemental brief.  Having independently reviewed the record, we conclude there are no reasonably arguable issues requiring further review.  We affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, the Napa County district attorney charged defendant by complaint with possession of heroin for sale (Health & Saf. Code, § 11351[1]), possession of buprenorphine (§ 11350, subd. (a)), possession of methamphetamine (§ 11377, subd. (a)), and possession of drug paraphernalia (§ 11364). The charges arose after police executed a warrant to search defendant and his residence and found evidence of drug use and sales. Defendant admitted to police that the items were his and that he was a long-time heroin addict. Represented by counsel, defendant pled not guilty at his arraignment. In mid-August, after the trial court communicated an indicated sentence of probation for five years, including completion of two years at the Delancey Street residential treatment program as a term of probation, defendant entered a plea of no contest to all counts. The prosecutor objected to the court's indicated sentence.

At the sentencing hearing in September 2020, the trial court suspended imposition of a sentence, and placed defendant on five years of formal probation with various terms, including that he complete a two year residential treatment program at Delancey Street. Defense counsel requested the court waive all fines and fees given defendant will be unable to work for at least two years. The court imposed various fines, fees, and assessments, including a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $160 court operations assessment (Pen. Code, § 1465.8), and a $120 court facilities assessment (Gov. Code, § 70373). But the court did in fact waive other fees.

---

[1] All further statutory references are to the Health and Safety Code, unless otherwise indicated.

2

## DISCUSSION

Defendant's appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, asking this court to independently review the record to determine whether it reveals any issues which would, if resolved favorably to defendant, result in reversal or modification of the judgment. As mentioned, counsel's declaration indicates that he notified defendant a *Wende* brief would be filed, that he provided copies of the brief, and that he informed defendant of his right to file a supplemental brief within 30 days. No brief was filed by defendant. We have independently examined the entire record and have found no reasonably arguable appellate issue. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The judgment is affirmed.

_____

Fujisaki, J.

WE CONCUR:


_____

Siggins, P.J.


_____

Jackson, J.


A160992